## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | |
|---|---|
| JOHN T. DOE and JOHN U. DOE, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | |
| ) | Case No. 25cv4354 |
| THE CATHOLIC BISHOP OF CHICAGO, a ) | |
| Corporation sole, and THE ARCHDIOCESE ) | |
| OF CHICAGO, ) | |
| ) | |
| Defendants. ) | |
| _____) | _____ |
| ) | |
| THE CATHOLIC BISHOP OF CHICAGO, a ) | |
| corporation sole, ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | |
| JOHN T. DOE, JOHN U. DOE, DOE 101 ) | |
| DOE 102, DOE 103, DOE 104, and DOE 105 ) | |
| ) | |
| Defendants. ) | |

## NOTICE OF REMOVAL

NOW COME Counter-Defendants, JOHN T. DOE and JOHN U. DOE[1], by and through their undersigned attorneys and hereby remove this action from the Circuit Court of Cook County to the United States District Court for the Northern District of Illinois, Eastern Division pursuant to 28 U.S.C. §§ 1331, 1367, 1441, and 1446. In support of this Notice of Removal, Counter-Defendants state as follows:

---

[1] Identified in the citation of The Catholic Bishop of Chicago's Counterclaim and Third-Party Claim as defendants but in the body of the Counterclaim and Third-Party Claim as both counter-defendants and defendants but for the ease of identification in this Notice of Removal as "Counter-Defendants, John T. Doe and John U. Doe."

## BACKGROUND

1. These matters arise out of several Cook County, Illinois cases that were consolidated pursuant to a "Sweep Order" issued by Cook County Court's Law Division Trial Judge, Kathleen Flanagan. The gravamen of those cases involves allegations that The Catholic Bishop of Chicago, a Corporation Sole, and The Archdiocese of Chicago, had knowledge that their criminally convicted employee, Father Daniel McCormack, sexually abused and exploited minor children while he worked for them as a priest from 1994 through 2006 that include the removing counter-defendants. (See attached as Group **Exhibit A** the lawsuits filed by the Counter-Defendants). Those state law claims sound in negligent supervision, negligent hiring and retention, negligence, willful and wanton misconduct, among other causes of action.

2. On January 17, 2025, the Honorable Kathleen Flanagan permitted case numbers 2024 L 014871 and 2024 L 014875 to be consolidated and be heard before a single judge. Her Honor executed that order because she found that those lawsuits based on allegations of sexual misconduct by Daniel McCormack involve common issues of fact and law and therefore are related pursuant to Cook County General Order 22.2, and that assignment of such actions to a single judge was likely to result in substantial savings of judicial resources. (Attached as **Exhibit B** is the Sweep Order).

3. On March 24, 2025, The Catholic Bishop of Chicago brought a Counterclaim and Third-Party Claim suing Counter-Defendants, and Third-Party Defendants Doe 101, Doe 102, Doe 103, Doe 104 and Doe 105,[2] under 18 U.S.C. § 1962(c), the Racketeer Influenced and Corrupt Organizations Act (RICO); 18 U.S.C. § 1962(a); and 18 U.S.C. § 1962(d), amongst other state law claims. (Attached as **Group Exhibit C** is The Catholic Bishop of Chicago's Counterclaim and Third-Party Claim and service of

---

[2] Identified in the citation of The Catholic Bishop of Chicago's Counterclaim and Third-Party Claim as defendants but in the body of the Counterclaim and Third-Party Claim as both third-party defendants and defendants but for the ease of identification in this Notice of Removal as "Third-Party Defendants Doe 101, D03 102, Doe 103, Doe 104 and Doe 105."

process of this Counterclaim and Third-Party Claim upon the Counter-Defendants and all Third-Party Defendants).

4. The overall subject matter of The Catholic Bishop of Chicago's Counterclaim and Third-Party Claim is that the Counter-Defendants, Third-Party Defendants, and other third-party individuals, formed a criminal enterprise, conspiring to submit false clergy sexual abuse claims in exchange for settlement payouts. The Catholic Bishop of Chicago alleges that all the Counter-Defendants have submitted such false claims.

5. The Counterclaim and Third-Party Claim subject have substantially changed the nature of the lawsuits originally filed in Cook County to institute in this Counterclaim and Third-Party Claim a substantially new and different lawsuit. Each claim against each Counter-Defendant is separate because The Catholic Bishop of Chicago is alleging each sexual abuse claim filed by each Counter-Defendant is a separate false claim.

6. On March 24, 2025, Counter-Plaintiff, The Catholic Bishop of Chicago, a corporation sole, filed a Counterclaim and Third-Party Claim against Counter Defendants, JOHN T. DOE and JOHN U. DOE and Third-Party Defendants DOE 101, DOE 102, DOE 103, DOE 104, and DOE 105, in the Circuit Court of Cook County, Illinois. (See Group **Exhibit C).** Counter-Plaintiff asserts that Counter-Defendants and Third-Party Defendants have conspired to exploit the Archdiocese of Chicago's pastoral response to real victims of clerical child sexual abuse by filing false claims against The Catholic Bishop of Chicago and the Archdiocese of Chicago.

7. In the Counterclaim and Third-Party Claim, Counter-Plaintiff states: "This action seeks recourse for Defendants' ongoing fraud, including injunctive relief and monetary damages."

## REMOVAL IS TIMELY

8.  Counter-Plaintiff served its Counterclaim and Third-Party Claim on March 24, 2025 to Counter-Defendants John T. Doe and John U. Doe. (See **Group Exhibit C**). This notice of removal is filed within the 30-day period for removal under section 28 U.S.C. § 1446(b).

## THE COURT HAS JURISDICTION

9.  A defendant may remove a state court action to the district court of the United States for the district and division where such action is pending, provided that the district court has original jurisdiction over the subject matter therein. (28 U.S.C. § 1446). A district court has original jurisdiction over all civil actions arising under the laws of the United States. 28 U.S.C. § 1331. A district court also has subject matter jurisdiction over all other claims that are so related to the claims in the action with such original jurisdiction that they form part of the same case or controversy. (28 U.S.C. § 1367(a)).

**A.  This Court has federal question jurisdiction under 28 U.S.C. § 1331.**

10.  Federal-question jurisdiction under Section 1331 is "involved by and large by plaintiffs pleading a cause of action created by federal law." *Grable & Sons Metal Prods. V Darue Eng'g & Mfg.,* 545 U.S. 308, 312 (2005). However, The Supreme Court has "recognized for nearly 100 years that in certain cases federal-question jurisdiction will lie over state-law claims that ***implicate significant federal issues.***" *Id.* (emphasis added). "The doctrine captures the commonsense notion that a federal court ought to be able to hear claims recognized under state law that nonetheless turn on substantial questions of federal law, and thus justify resort to the experience, solicitude, and hope of uniformity that a federal forum offers on federal issues." *Id.* "[T]he questions is, does a state-law claim necessarily raise a state federal issue, actually disputed and substantial, which a federal forum may entertain without disturbing any congressionally approved balance of federal and state judicial responsibilities." *Id.* At 314; *Gunn v. Minton*, 568 U.S. 251, 258 (2013).

11. The Seventh Circuit has recognized federal jurisdiction based on embedded federal questions and the Supreme Court's *Grable* decision on numerous occasions. *See, e.g., Sarauer v. Int'l Ass'n & Aero. Workers, Dist. No. 10*, 966 F.3d 661, 675 (7th Cir. 2020) ("[W]e concluded this federal issue was sufficient to support arising-under jurisdiction and removal under the embedded question theory in the *Gable* line of cases."); *Evergreen Square of Cudahy v. Wis. Hous. & Econ. Dev. Auth.*, 776 F.3d 463, 468 (7th Cir. 2015) ("We find that this case fits within the 'special and small category of cases, in which federal 'arising under' jurisdiction lies over a complaint raising state-law causes of action.") (citation omitted); *Samuel C. Johnson 1988 Trust v. Bayfield County*, 649 F.3d 799, 801 (7th Cir. 2011) (*"Gable"* tells us to ask" 'does a state-law claim necessarily raise a stated federal issue, actually disputed and substantial, which a federal forum may entertain without disturbing any congressionally approved balance of federal and state judicial responsibilities? The answer in this case is 'yes.'").

12. District courts within the Seventh Circuit have similarly recognized federal jurisdiction based on embedded federal questions and the Supreme Court's *Gable* decision on numerous occasions. *See, e.g., Illinois ex rel. Elder v. JPMorgan Chase Bank, N.A.*, 552 F. Supp. 3d 812, 816, 818 (N.D. Ill. 2021).

13. The RICO claims are all claims that arise under Federal Statutory Law and accordingly satisfy subject matter jurisdiction under 28 U.S.C. § 1331.

**B.     This Court has supplemental jurisdiction under 28 U.S.C. § 1367.**

14. Section 1367(a) of Title 28 of the U.S. Code provides that, "in any civil action of which the district courts have original jurisdiction, the district court shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." 28 U.S.C. § 1367(a). "Section 1367(a) is a broad grant of supplemental jurisdiction over other claims within the same case or

controversy." *Preston v. Weigand,* 573 F. Supp. 3d 1299, 1308 n.4 (N.D. Ill. 2021) (quoting *Exxon Mobil Corp. v. Allapattah Servs.,* 545 U.S. 546, 558 (2005).

15. Where a case is not removable by review of the initial pleadings, Counter-Defendants have a statutory right to file their Notice of Removal "thirty days after receipt…of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable." 28 U.S.C. § 1446(b)(3). As established in this Notice, Counter-Defendants have properly filed their Notice of Removal within the applicable thirty-day time frame as no claims arose under Federal Question jurisdiction until Counter-Plaintiff filed its RICO Counterclaim and Third-Party Claim on March 24, 2025.

## ALL OTHER PRE-REQUISITES FOR REMOVAL ARE SATISFIED

16. Venue is proper under 28 U.S.C. § 1441(a) because this action is pending in the Circuit Court of Cook County, Illinois, which is within the Northern District of Illinois.

17. Filing in the Eastern Division is proper because this case is removed from Cook County, which is within the Eastern Division of the Northern District of Illinois.

18. Pursuant to 28 U.S. § 1446(b)(2)(A), "when a civil action is removed solely under section 1441(a), all defendants who have been properly joined and served must join in or consent to the removal of the action. Counter-Defendants John T. Doe and John U. Doe have brought this Notice of Removal and all of the Third-Party Defendants have consented to the removal of these actions. (Attached as **Group Exhibit D** are the Consents to Removal of all Third-Party Defendants).

19. After filing this Notice of Removal, JOHN T. DOE and JOHN U. DOE will promptly serve written notice of this Notice of Removal on counsel for all adverse parties and file the same with the Clerk of the Circuit Court of Cook County in accordance with 28 U.S.C. § 1446(d).

**NON-WAIVER OF DEFENSE**

20. By removing this action from the Circuit Court of Cook County, Counter-Defendants JOHN T. DOE and JOHN U. DOE, do not admit any of the allegations in Counter-Plaintiff's Counterclaim and Third-Party Complaint.

21. Counter-Defendants JOHN T. DOE and JOHN U. DOE reserve their right to amend or supplement this Notice of Removal.

WHEREFORE, Counter-Defendants JOHN T. DOE and JOHN U. DOE respectfully remove the above-captioned action from the Circuit Court of Cook County to the United States District Court for the Northern District of Illinois.

| | |
|---|---|
| Dated: April 22, 2025<br>Palos Heights, IL 60463 | Respectfully submitted,<br><br>By: *Alexander Michael*<br>Alexander Michael<br>AMichaellaw1@gmail.com<br>Michael D. Ettinger and Associates<br>12413 S Harlem Ave.<br>Suite 203<br>Palos Heights, IL 60463<br>708-923-0368<br><br>*Attorneys for Counter-Defendant(s) John T Doe, and John U. Doe* |

Gregory T. Condon – ARDC No. 6196520
Condon Law Firm
322 W. Burlington Ave.
La Grange, IL 60525
Phone (708) 601-0063
Email: gcondon@condonlawyers.com

Michael A. Faccenda – ARDC No. 6239317
Faccenda Law Group LLC
322 West Burlington Avenue
La Grange, IL 60525

Phone: (708) 497-3077
Email: maf@faccendalawgroup.com

James E. Coogan – ARDC No. 6289261
Caroleann Gallagher – ARDC No. 6304757
Coogan Gallagher
444 N. Northwest Hwy., Suite 300
Park Ridge, Illinois 60068
(312) 782-7482
Email:jcoogan@cgtrial.com
Email:cgallagher@cgtrial.com

Keith L. Gibson – ARDC No. 6237159
**Keith Gibson Law P.C.**
586 Duane Street, Suite 102
Glen Ellyn IL 60137
Telephone: (630) 677-6745
Email:keith@keithgibsonlaw.com

*Counsel for Counter- Defendants JOHN T. DOE, JOHN U. DOE*

## **PROOF OF SERVICE**

The undersigned certifies that a true and accurate copy of the foregoing **Notice of Removal** was served electronically via email and U.S. Mail on April 22, 2025 upon:

Adam T. Rick
Brian J. Hingston
Robin L. Mohr
Burke, Warren, MacKay & Serritella, P.C.
330 North Wabash Avenue, Suite 2100
Chicago, IL 60611-3586
arick@burkelaw.com
rmohr@burkelaw.com
bhingston@burkelaw.com


John V. Smith
Alexander Beehler
Daniel Maher
FORAN GLENNON PALANDECH PONZI & RUDLOFF, P.C.
222 N LaSalle St, Suite 1400
Chicago, IL 60601
jsmith@fgppr.com
mlustig@fgppr.com
dmaher@fgppr.com


/s/ *Alexander Michael*